**John R. RISSER, Petitioner–Appellant,**

v.

**MERRILL LYNCH, PIERCE,**
**FENNER & SMITH, Re-**
**spondent–Appellee.**

No. 00–4124.

United States Court of Appeals,
Sixth Circuit.

Oct. 17, 2001.

Before KEITH, SUHRHEINRICH, and CLAY, Circuit Judges.

PER CURIAM.

Petitioner, John R. Risser, appeals from the district court's judgment granting summary judgment to Defendant, Merrill Lynch, Pierce, Fenner & Smith, Inc., regarding Petitioner's motion to vacate or modify an arbitrator's award brought pursuant to 9 U.S.C. §§ 9 & 10, for failure to comply with the service of process provisions of 9 U.S.C. § 12. We AFFIRM.

On April 26, 1999, Petitioner filed a motion to vacate and/or modify the January 25, 1999 arbitration award issued by the National Association of Securities Dealers, Inc. ("NASD") which ruled primarily in favor of Respondent on Petitioner's claim. (J.A. at 5, 8.) In the caption of Petitioner's motion to vacate, he listed the as the "appellee" in this action "MERRILL LYNCH, PIERCE FENNER & SMITH, INC. World Financial Center, North Tower, New York, N.Y. 10281." Petitioner hand-delivered a copy of a notice and copy of his motion to vacate, without cover letter or specific addressee, to Respondent's Columbus, Ohio branch office. Petitioner did not attempt any other form of service;

nor did Petitioner move for leave to attempt any other service.

Respondent moved for summary judgment on May 14, 1999, on the basis of Petitioner's alleged failure to comply with the service of process requirements of 9 U.S.C. § 12. The district court granted Respondent's motion on August 3, 2000, and dismissed Petitioner's motion. Petitioner now timely appeals.

After careful review and consideration of both parties' briefs, the record, and relevant case law, we conclude that the district court did not err in granting Respondent's motion for summary judgment. Because no jurisprudential purpose would be served by the issuance of a separate opinion on appeal, we AFFIRM for the reasons set forth in United States District Judge George C. Smith's August 3, 2000 order.